## FROUT *v.* HARDIN.

LANDLORD AND TENANT.—*Growing Crops.*—*Right of Possession.*—Where, upon his leasehold, a tenant is raising a crop, of which, by the terms of the tenancy, his landlord is to receive as rent a certain portion, yet to be designated, as it stands unharvested in the field, the right of possession of the whole, as between the landlord and tenant, is in the latter.

SAME.—*Trespass by Landlord's Animals.*—Where, prior to a division of such crop, in accordance with the terms of such tenancy, the landlord unlawfully and negligently suffers breachy animals, belonging to himself, to break through the enclosure surrounding such crop and injure the same, he is liable to the tenant for damages, in an action therefor.

SAME.—*Mitigation of Damages.*—*Evidence.*—On the trial of such action, evidence that the tenant, in dividing the residue of such crop, had retained a part of the portion to which the landlord was entitled, is inadmissible in mitigation of damages.

ACTIONS.—*Forms Abolished.*—The distinctions between the different forms of actions of the same class, existing at common law, are abolished by the code.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy*, for appellant.

*R. L. Polk*, for appellee.

BIDDLE, J.—This action was commenced by Hardin, against Frout, before a justice. The plaintiff recovered judgment. The defendant appealed to the circuit court.

The complaint alleges, that the plaintiff was in possession of twenty-five acres of land, described, upon which there were three fields planted in corn. That the defendant, at divers times, unlawfully and negligently suffered his cattle to break through the fences surrounding the fields, and destroy his corn, well knowing that said cattle were breachy, all of which is particularly averred as to time, venue, etc.

An answer in general denial, with a special paragraph, was filed to the complaint. Trial by jury in the circuit court, and a verdict for appellee. Over the several motions and exceptions proper to present the questions involved in the case to this court, judgment was rendered on the verdict.

1. From the evidence, which is all before us, it appears that Frout had leased the lands in question to Hardin for the current year, 1874, to raise a crop, and was to receive as rent one-half of the corn in rows standing in the field. Under this state of facts, the appellant insists that the corn was the joint property of both parties, and the possession of either was the possession of both; therefore, an action of trespass will not lie without a total destruction of the property. We think that, in this view, the appellant is mistaken. The corn was not the joint property of both parties. Their possession was not equal. The tenant had the right to the possession of the corn until the division was made. Afterward, each party had the right to the possession of his own half. The form of the action is immaterial, under our practice. The distinction between the forms of actions is abolished, ex-

cept the distinction between an action arising out of a tort and one arising out of a contract. This distinction exists in the nature of things, and can not be abolished by law. The one arises out of a wrong without an agreement, the other out of an agreement, either express or implied. This suit is in tort, and it is immaterial whether it is called trespass or trespass on the case. Nor can we perceive that section 16 or 17 of the act concerning landlords and tenants (2 R. S. 1876, p. 342,) affects this case in any way.

2. The appellant offered to prove, in mitigation of damages, that the appellee, in dividing the corn, subsequent to the alleged trespass, took more than one-half. Evidence offered to prove this fact was objected to, and the objection sustained. This ruling was excepted to below and is complained of here.

Whether the liability of the tenant to the landlord for taking more than his share of the corn, in dividing it, was *ex contractu* or *ex delicto*, we think the court did not err,— for matter of contract will not answer matter of tort, nor will one tort answer another. *Conner* v. *Winton*, 7 Ind. 523; *Lovejoy* v. *Robinson*, 8 Ind. 399; *Shelly* v. *Vanarsdoll*, 23 Ind. 543; *Harris* v. *Rivers*, 53 Ind. 216.

3. The appellant also objects to the following instruction, given to the jury by the court:

"1st. If the jury find, from the evidence, that the defendant let to the plaintiff certain fields on the defendant's farm, to tend in corn, in 1874, and gave the plaintiff possession thereof, and the defendant was to have, as rent, one-half of the corn in the field, such contract constituted a tenancy, and enables the plaintiff to maintain an action against the defendant for a trespass of the defendant's cattle on the plaintiff's corn in such fields, if such a trespass was committed."

We can see no objection to this instruction.

These are all the points made against the record by the appellant. We think it contains no error.

The judgment is affirmed, with costs.