MARY DAWSON vs. FRANCIS W. MARSH ET AL.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff claimed that while she was a tenant of the defendants and engaged in the business of keeping a boarding-house the defendants wrongfully entered and dispossessed her and destroyed her business, detained some of her furniture, and removed the rest into the street. *Held* that these acts constituted such a continuous transaction as should have been set forth in one count instead of three.

The defendants assumed that the plaintiff meant to charge a trespass to land in the first count only, and in the second and third counts to describe injuries to personal property, as substantive causes of action; and answered accordingly, justifying their removal and detention of the furniture. *Held* that it was proper for the defendants to answer in this way, and would have been even had the facts alleged been stated in a single count.

The trial court, upon motion of the plaintiff, struck out certain paragraphs of the defendants' answer, as irrelevant and immaterial. *Held* that while this was erroneous, it was harmless error, inasmuch as it was apparent, from the charge of the court and the verdict for the plaintiff, that the case turned upon the question of tenancy and not upon the question of injury to or detention of the furniture.

Argued January 21st—decided March 5th, 1902.

ACTION in three counts to recover damages for wrongfully evicting the plaintiff, for forcibly removing her household

goods, and for unlawfully seizing and detaining a portion thereof, brought to the Court of Common Pleas in Fairfield County where certain paragraphs of the answer were stricken out upon motion of the plaintiff and the cause was afterwards tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $50 damages, and appeal by the defendants for alleged error of the court in striking out portions of the answer. *No error.*

*Carl Foster* and *John C. Chamberlain,* for the appellants (defendants).

*William H. Comley, Jr.,* for the appellee (plaintiff).

HALL, J. The complaint in this action contained three counts, each alleging that at the time of the trespass complained of the plaintiff occupied the house in question as a tenant of the defendants ; that she was carrying on therein the business of keeping a boarding-house, and that on the day in question the defendants by their servants unlawfully entered said house. The first count further alleged that the defendants at said time forcibly excluded the plaintiff from said house, and kept her out of possession and destroyed her said business. The second count alleged that at said time the defendants forcibly removed the plaintiff's furniture, and left it in the street ; and the third count alleged that the defendants at said time unlawfully seized and detained the plaintiff's goods and furniture. Damages were claimed under each count. A separate defense was filed to each of said three counts, each of which defenses denied the principal allegations of the count to which it was applicable, and further alleged that the plaintiff obtained possession of the keys of said house for the purpose of examining it; that she was to return the keys to the defendants, but that, instead of so doing, she fraudulently and unlawfully moved her furniture into the house and took possession, and failed to leave the premises when requested ; and that the defendants thereupon entered and took possession, and that the plaintiff upon

said entry voluntarily removed and abandoned the premises.

The defense to the count alleging the removal and the leaving in the street of the plaintiff's goods and furniture contained also this paragraph : " The plaintiff had notice from the defendants that said furniture was to be removed, and had ample time to remove and protect her property, but did not do so, and did not provide a place to remove the same to, and the defendants placed the same upon the street as they lawfully might do." The defense to the count charging a detention of the plaintiff's goods contained this paragraph : " In the removal of said goods and furniture, the defendants overlooked a stove and . . . belonging to the plaintiff, and did not remove the same, but immediately upon discovering that said goods and furniture had been left in the house, and before the commencement of this action, they notified the plaintiff that she could get the same by calling at the house for them, and fixed at least two or three different times for her to call and receive them, but she did not come for them at any of the times fixed, but left them in said house, and before this action was commenced and after the offers to deliver the same as aforesaid, the plaintiff took said goods from the defendants by an action of replevin."

Upon plaintiff's motion the court struck out these two paragraphs as immaterial, irrelevant and contradictory. The striking out of said paragraphs are the only reasons of appeal assigned.

The acts of the defendants in entering the house, dispossessing the plaintiff, detaining some of her furniture, and removing the rest of it into the street, constituted such a continuous transaction as should have been set forth in a single count. *Allen* v. *Woodruff*, 63 Conn. 369, 372 ; *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, ibid. 551, 559–562 ; *Knapp* v. *Walker*, 73 id. 459, 460 ; *Brown* v. *Wilcox*, ibid. 100, 105.

As an unlawful entry into the house is alleged in each of the three counts, it is difficult to determine whether it was the purpose of the plaintiff to describe a trespass to

land in each count with different circumstances of aggravation, or only a trespass to land in the first count, and to describe in the second and third counts injuries to personal property as substantive causes of action. In framing their answer the defendants, evidently taking the latter view of the complaint, inserted the paragraphs which were stricken out, as defenses—in connection with the allegation in each defense of their right to enter and take peaceable possession— to the allegations of the complaint describing injuries to personal property as separate causes of action, and upon which the plaintiff might claim to recover upon the ground that the defendants, although exercising a lawful right in entering and holding possession of the house, had unnecessarily injured the plaintiff's goods. It was proper for the defendants to so answer, and would have been even had the facts as alleged been stated in a single count. *Holly* v. *Brown*, 14 Conn. 255, 267.

As parts of and as based upon the allegations showing that the defendants were justified in entering and holding possession of the house, and as, in effect, stating the circumstances showing that the treatment of the plaintiff's goods complained of was a necessary part of the lawful acts of the defendants in taking possession of their tenement, these two paragraphs were not so irrelevant and immaterial that they should have been wholly stricken out on plaintiff's motion.

It is apparent, however, from the entire record before us, that the defendant has suffered no injury from the ruling complained of. The court very distinctly charged the jury— probably because there was no evidence showing that the defendants did any injury to the plaintiff's goods beyond what was necessary in properly removing them from the house and in taking possession of the premises —that the determination of the case rested entirely upon the question of whether the plaintiff was a tenant of the defendant or a mere intruder upon the premises, and that if the jury should find that she was not a tenant but an intruder, as defendants claimed, then the defendants were justified in their action and the plaintiff could not recover. The jury having under

such instruction rendered a verdict for the plaintiff, the defendants' plea of justification must have failed, and the jury must have found, not that the defendants had unnecessarily injured or detained the plaintiff's property while they were engaged in a lawful act, but that the removal and detention of the goods were unlawful because the plaintiff was lawfully in possession as a tenant. The paragraphs expunged did not purport to set up defenses to the charges of injury to personal property, excepting in connection with the other allegations of the answer, that the plaintiff was not a tenant but a mere trespasser ; nor did these paragraphs allege any facts the proof of which would tend to establish the defendants' alleged justification for entering the house. The defendants were not required to answer allegations of mere matter of aggravation. The striking out of these paragraphs did not prevent the defendants from proving the facts alleged in them, in mitigation of damages, and the action of the court could not therefore have harmed the defendants.

There is no error.

In this opinion the other judges concurred.