DEMETRIOS A. MITSAKOS *vs.* WILLIAM A. MORRILL & another.

Essex.  November 11, 1920. — January 5, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant,* Eviction. *Actionable Tort. Practice, Civil,* Report, New trial.

A report by a judge of the Superior Court for determination by this court of the correctness of a ruling allowing a motion by a defendant at the close of all the evidence at a trial that a verdict be ordered in his favor must be presumed, in the absence of indications to the contrary, to state all the evidence material to the questions of law presented.

A lessee of premises under a lease in writing, who has been unlawfully evicted by the lessor, may elect to maintain against the lessor either an action of contract for breach of the covenant in the lease for quiet enjoyment, or an action of tort.

At the trial of an action of tort by a lessee under a lease in writing against the lessor for damages resulting from an alleged unlawful eviction, there was evidence tending to show that the premises were let for store purposes, that at a time when the plaintiff had been absent from them for two weeks, during which they were unoccupied except for a small stock of goods, he returned with several companions and, attempting to enter by the front door, was unable to do so with his key; that he then gained access by a rear door, and observed that a key was on the inside of the front door; that there then was a conversation between the plaintiff and the defendant during which the plaintiff demanded the premises and stated that he had brought young men with him to start business and that they were ready to begin work at once; that the defendant denied the plaintiff possession of the store, said that there was money due him and that the plaintiff could not start business until that was paid him, and that the plaintiff stated "If I can't do anything, I got to go out," and departed. There was no evidence that at that time there had been any breach of the covenants or conditions of the lease by the plaintiff. *Held,* that a finding was warranted that the plaintiff had been unlawfully evicted.

Where, upon a report to this court for determination of the correctness of a ruling by a judge of the Superior Court ordering a verdict for the defendant in accordance with leave reserved under St. 1915, c. 185, after the jury had found for the plaintiff, it appeared that, following the verdict for the plaintiff and before the judge had ordered a verdict for the defendant, the defendant had filed a motion that the verdict for the plaintiff be set aside and a new trial ordered, this court, having determined that the verdict for the defendant was ordered improperly, *held* that the motion for a new trial still must be decided and ordered that the verdict for the defendant be set aside, and that the verdict for the plaintiff should stand and judgment be entered in accordance therewith unless after a hearing the judge of the Superior Court granted the defendant's motion that it be set aside.

TORT for an eviction. Writ dated March 22, 1918.

In the Superior Court, the action was tried before *N. P. Brown,* J. Material evidence is described in the opinion. At the close of the evidence the defendants moved that a verdict be ordered in their favor. The judge reserved the motion for further consideration and, before taking action thereon, submitted the case to the jury, which returned a verdict for the plaintiff in the sum of $800. Upon the coming in of the verdict the judge reserved leave, with the assent of the jury, to enter a verdict for the defendants if he should decide that the defendants' motion ought to be allowed, and thereupon the verdict for the plaintiff was recorded. On the following day the defendants filed a motion for a new trial, alleging that the verdict was against the law, against the evidence, and against the weight of the evidence, and that the damages assessed by the jury were excessive. No hearing was had on this motion nor was any action taken thereon by the judge. Later, in accordance with the leave reserved, the judge allowed the defendants' motion that a verdict be ordered for them and a verdict was entered accordingly. The action then was reported to this court for determination.

*T. A. Henry,* (*J. F. Doyle* with him,) for the plaintiff.

*H. S. Davis,* (*H. K. Rising* with him,) for the defendants.

RUGG, C. J. This is an action of tort to recover damages alleged to have been sustained by a tenant under a written lease through wrongful eviction from the demised premises by his landlords.

The case comes before us on report. It must be presumed, in the absence of indications to the contrary, to state all the evidence material to the questions of law presented. The rule as to omission of exceptions to declare that all material evidence is nar-

rated, *Evans* v. *County of Middlesex*, 209 Mass. 474, 481, has no application.   The record has every appearance of purporting to contain all the material evidence.

There is much to be said in support of the logic of the position that this form of action will not lie and that the only remedy is by an action of contract for breach of the covenant for quiet enjoyment.   Actions of this sort, however, are to be found in our reports. Such an action was sustained in the well considered case of *Fillebrown* v. *Hoar*, 124 Mass. 580, although this point was not much discussed.   *Kostopolos* v. *Pezzetti*, 207 Mass. 277.   See *Riley* v. *Lally*, 172 Mass. 244, and *Brown* v *Holyoke Water Power Co.* 152 Mass. 463.   Since it has been held that even in an oral lease there is an implied covenant of quiet enjoyment, *Budd-Scott* v. *Daniell*, [1902] 2 K. B. 351, 357, the action of tort for eviction held maintainable in *Ashley* v. *Warner*, 11 Gray, 43, would appear to be a direct authority in favor of the present action.   The current of authority in other jurisdictions is to the same effect.   Although the tenant may sue on the covenant for quiet enjoyment, he may elect to treat the eviction by the landlord as an unlawful invasion of his rights and sue in tort.   *Schienle* v. *Eckels*, 227 Penn. St. 305.   *Dawson* v. *Marsh*, 74 Conn. 498.   *Rowbotham* v. *Pearce*, 5 Houst. 135.   *Schwartz* v. *McQuaid*, 214 Ill. 357.   *Silber* v. *Larkin*, 94 Wis. 9.   *Frout* v. *Hardin*, 56 Ind. 165.   *Wacholz* v. *Griesgraber*, 70 Minn. 220.   *Shuman* v. *Smith*, 100 Ga. 415.   *Taylor* v. *Cooper*, 104 Mich 72.   *Robrecht* v. *Marling*, 29 W. Va. 765.   No decisions to the contrary have come to our attention.   See, however, Underhill, Land. & Ten. 1187.   Compare Tiffany, Land. & Ten. 1291.

The passenger injured in the course of his transportation by a common carrier rarely sues in contract for breach of his contract for carriage, but commonly in tort for negligence.   When the landlord commits the direct wrong of expelling his tenant from demised premises during the life of the lease, it would be hard to say on principle even apart from authority that an action would not lie for breach of duty thus committed.   When a landlord without right ousts a tenant from the demised premises, the act complained of at least, if not also of necessity the means by which it is accomplished, are unlawful.   That is one common test for determining whether an act causing an injury to another

is foundation for an action in tort. *Groustra* v. *Bourges,* 141 Mass. 7.

"To constitute an eviction . . . there must either be an actual expulsion of the tenant, or some act of a permanent character, done by the landlord with the intention and effect of depriving the tenant of the enjoyment of the demised premises or some part of it, to which he yields, abandoning the possession within a reasonable time." *Bartlett* v. *Farrington,* 120 Mass. 284. *Lumiansky* v. *Tessier,* 213 Mass. 182, 186. *Aguglia* v. *Cavicchia,* 229 Mass. 263.

There was evidence which would warrant a finding that the plaintiff was absent from the demised premises, which were used for a store, for a period of more than two weeks, and that during that time the store was unoccupied except for a small stock of goods. When the plaintiff returned with several companions he was unable to open the street or front door of the store with his key. He gained access to the store through a rear door. It was observed then that a key was on the inside of the front door. A conversation then occurred between the parties, during which the plaintiff demanded his store and said he had brought young men with him to start business and they were ready to begin work at once, and the defendant Morrill denied him possession of the store and said there was money due him and the plaintiff could not start business until that was paid to him, and that he would not let the plaintiff start business. That statement was repeated by Morrill in various forms of words, and the plaintiff replied, "If I can't do anything, I got to go out." Whereupon the plaintiff left. There was no evidence that at this time there had been any breach of the covenants and conditions of the lease by the lessee.

This was sufficient to warrant a finding of eviction. The inference was warranted that the defendant Morrill had taken possession of the store and had fixed the lock of the front door so that the plaintiff could not use it, and that he refused to give over possession again except upon payments of money which he had no right to exact from the plaintiff. Although physically the plaintiff was in the store for a few minutes, he did not have the means of using it as a tenant and he was there under the dominating possession of Morrill. The plaintiff was not bound to resort

to force in order to regain possession. All the circumstances justified the conclusion that the plaintiff had been expelled from the store by being excluded from possession. The jury were not bound to find that this was a mere verbal expulsion, but could have concluded that it was one based upon an antecedent repossession of the demised premises by the landlord during the personal absence of the tenant, and a refusal to redeliver to the tenant on demand. There was evidence to support a finding that the landlord, having taken possession of the premises, refused to let the plaintiff return as tenant, and that without such return, including access through the front door with power to open, close and lock it at will, the tenant could not occupy the premises. *Smith* v. *Tennyson,* 219 Mass. 508, 511. *Faxon* v. *Jones,* 176 Mass. 138.

The case rightly was submitted to the jury. It was error later to enter a verdict in favor of the defendants in accordance with leave reserved with the assent of the jury under St. 1915, c. 185.

After the actual verdict of the jury was returned in favor of the plaintiff, the defendants filed a motion for a new trial on various grounds. Without passing upon that motion, the judge after ordering a verdict for the defendants, reported the case. *Fuller* v. *Andrew,* 230 Mass. 139. That motion for a new trial must now be passed upon and decided.

The verdict for the defendants, ordered to be entered by the judge after verdict actually returned by jury, is set aside. The verdict in fact rendered by the jury in favor of the plaintiff is to stand and judgment is to be entered upon it unless it shall be set aside after hearing upon the motion of the defendants to that end already filed. *Kaminski* v. *Fournier,* 235 Mass. 51, 55.

*So ordered.*