AGNES VEITS *v.* CITY OF HARTFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and INGLIS, Js.

Argued January 8—decided March 10, 1948

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole, Arthur W. Feinstein* and *Milton Krevolin,* for the appellant (plaintiff).

*Anthony M. Tapogna,* for the appellee (defendant Malley), with whom was *Frank A. Murphy,* for the named defendant.

MALTBIE, C. J. A substitute complaint was filed in this case which contained six counts. One of the defendants, Malley, demurred to it for misjoinder of causes of action, the trial court sustained the demurrer, the plaintiff failed to plead over, and judgment was entered for the defendant Malley. From that judgment the plaintiff has appealed.

The complaint is very badly framed by reason of its failure to disclose with any reasonable clarity the facts upon which the plaintiff relies for a recovery, its inexcusable redundancy and its obvious inclusion of extraneous matter. The first three counts allege that the defendants William G. Govan and Hyman Malley, stated in one count to be owners of property abutting on Front Street in Hartford, created or maintained a condition on the sidewalk in the nature of a nuisance by reason of its being slippery and unsafe, as a result of which the plaintiff suffered a fall; the fourth count alleges that the fall was due to a defective condition of the sidewalk for which the defendant city was liable under the statute; and the fifth and sixth counts allege that the condition of the sidewalk, amounting to a nuisance, was created and maintained by the city. The prayers for relief were a general claim for damages, a judg-

ment for damages against any one of the defendants individually or two or more of them jointly on all counts except the fourth, and, in the alternative, a judgment for damages against either the city on the fourth count or the defendants Govan and Malley, or either of them, on one or more of the first three counts.

As the first three counts state, as we have said, nothing more than a case for a recovery for injuries due to a nuisance on the sidewalk created or maintained by the defendants Govan and Malley, with apparently some thought of presenting the claim in varying aspects, there was no excuse for using more than one count for that purpose; *Goodrich* v. *Stanton*, 71 Conn. 418, 424, 42 A. 74; and the use of separate counts only serves to complicate the relatively simple basis upon which recovery was sought against them. Such difficulty as the case presents is due to the inclusion of the other three counts, which seek to state grounds of recovery against the city. Section 5512 of the General Statutes contains several categories of causes of action which may be joined, and then provides: "The several causes of action so united shall all belong to one of these classes, and, except in an action for the foreclosure of a mortgage or lien, shall affect all the parties to the action, and not require different places of trial, and shall be separately stated. . . ." The solution of the problem before us depends primarily upon the meaning of the words "causes of action" as used in the quoted sentence.

The words "cause of action" may have very different meanings in the various connotations in which they are used. *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62, 67, 53 S. Ct. 278, 77 L. Ed. 619. Thus, in considering whether a judgment rendered

in one case was res adjudicata of the issues raised in another, we said: "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." *Pavelka* v. *St. Albert Society*, 82 Conn. 146, 147, 72 A. 725. Our Practice Act, adopted in 1879, was confined to the regulation of pleadings and procedure in civil actions, and it was not intended to affect in any way substantive rights. *Avery* v. *Spicer*, 90 Conn. 576, 581, 98 A. 135; *LeWitt* v. *Park Ecclesiastical Society*, 103 Conn. 285, 299, 130 A. 387. We are, therefore, concerned only with the words "causes of action" as they are involved in a matter of procedure. They appeared in the act in only one section other than that now before us, and their use there is not helpful. General Statutes § 5542. We have never before had occasion to interpret the words "causes of action" as used in § 5512. Decisions in which the provision has been involved amount, however, to a practical interpretation which is entitled to much weight; and one rule adopted in 1879, under the Practice Act, is in effect a contemporaneous exposition of the meaning and effect of the words.

The simplest situation we have dealt with is that where two or more defendants are sued in a single action on the ground that the injury to the plaintiff resulted from their concurrent torts. *Sparrow* v. *Bromage*, 83 Conn. 27, 29, 74 A. 1070. So we have held that in a single action a plaintiff may recover damages against one defendant and have a fraudulent conveyance made to another defendant set aside; *Nowsky* v. *Siedlecki*, 83 Conn. 109, 112, 75 A. 135; *Fine* v. *Moomjian*, 114 Conn. 226, 228, 158 A.

241; *Finance Corporation of New England, Inc.* v. *Scard,* 100 Conn. 712, 718, 124 A. 715; and that in one action a plaintiff may establish his debt against the estate of a deceased person and reclaim assets of the estate necessary for its payment from those to whom they have been wrongly distributed. *Mathewson* v. *Wakelee,* 83 Conn. 75, 79, 75 A. 93; *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 569, 106 A. 504. In *Lewisohn* v. *Stoddard,* 78 Conn. 575, 63 A. 621, the plaintiffs, creditors of a Missouri corporation, alleged three causes of action, one in the nature of a creditor's bill to recover unpaid balances on stock subscriptions, one to recover the same balances under a statute, and one against some only of the stockholders to compel a refund of portions of capital paid to them. In considering the application to this complaint of the provisions of the statute, now § 5512, we said that the subject of the action was the indebtedness due the plaintiff and we held that not only were all the living stockholders properly made defendants but also (p. 596) the administratrix of one of them, because, even if the Missouri statute did not make her liable for any balance due on the subscription made by her intestate, her presence was necessary to work out the equities between the parties.

If we approach the problem from another direction, we find that at the time of the enactment of the Practice Act the rule now § 19 of the Practice Book was adopted. It provides: "Persons may be joined as defendants against whom the right to relief is alleged to exist in the alternative, although a right to relief against one may be inconsistent with a right to relief against the other." Practice Book, 1879, p. 11. Among the forms inserted in that book was one against a principal and agent for alternative

relief where the authority of the agent is disputed. Practice Book, 1879, p. 30. We approved such an action in *Eames* v. *Mayo,* 93 Conn. 479, 484, 106 A. 825; in *Raymond* v. *Bailey,* 98 Conn. 201, 205, 118 A. 915, we held that a plaintiff might seek the recovery of money on the ground that it either was obtained by undue influence or was loaned; in *State ex rel. Hartford-Connecticut Trust Co.* v. *United States Fidelity & Guaranty Co.,* 105 Conn. 230, 135 A. 44, we gave sanction to an action against sureties upon two bonds where the plaintiff was in doubt as to which bond covered the default claimed; and in *Makusevich* v. *Gotta,* 107. Conn. 207, 208, 139 A. 780, we approved a complaint seeking specific performance of a contract or damages for its breach.

A synthesis of these decisions leads to this conclusion: Where the facts forming the basis upon which the plaintiff claims relief constitute a single transaction or occurrence, he may sue in one action two or more defendants against whom he claims relief, and it does not matter that they may be liable concurrently, successively or in the alternative, or that the relief against each has a different legal basis. We can then define a cause of action under the provision in question as meaning a single group of facts which are claimed to have brought about an unlawful injury to the plaintiff for which one or more of the defendants are liable, without regard to the character of the legal rights of the plaintiff which have been violated. See Clark, Code Pleading (2d Ed.) pp. 127 et seq. If each defendant is so related to the group of facts constituting the primary basis of liability that upon proper proof recovery may be had against him, the cause of action comes within the requirement that it "shall affect all the parties to the action." In order that the facts upon which the

plaintiff relies shall constitute a single group, they must form the primary basis of recovery against each of the several defendants, although as to some of them further facts need to be proved; or, to state the proposition in another way, the liability of each defendant must, in some aspect of the proof permissible under the allegations of the complaint, relate to and depend upon a single primary breach of duty. *Patterson* v. *Kellogg,* 53 Conn. 38, 42, 22 A. 1096. In that case we held that, where the plaintiff had a claim for an accounting of income from certain property against one person down to a certain date, and from that date a similar claim against another person, the grantee of the former, he could not join the two causes of action, and (p. 42) we likened the situation to one where a plaintiff sought to sue on notes made by different promisors. In *Miner* v. *McNamara,* 82 Conn. 578, 580, 74 A. 933, we stated that a plaintiff, a tenant whose goods were injured through the collapse of a building, could not have properly joined a cause of action against the owner and a contractor who had been engaged in its erection for negligence and one against the owner alone for fraud and breach of warranty based upon a claim that he had leased the building to the tenant knowing it to be unfit for use. 94 Rec. & Briefs 1211. In *Palchin* v. *Rowell,* 86 Conn. 372, 378, 85 A. 511, we remarked, in regard to a matter not before us upon the appeal, that a single action of replevin could not properly be brought against defendants each of whom was in separate possession of some of the goods replevied; but it is to be noted that replevin is not within the Practice Act, of which § 5512 is a part. General Statutes § 5535.

The interpretation we have given to the words "causes of action" in § 5512 carries out one of the

purposes which we have said the Practice Act was designed to serve, to enable parties to settle all their controversies in a single action; *Boothe* v. *Armstrong,* 80 Conn. 218, 223, 67 A. 484; and it also furthers the general policy of our law "which favors as far as possible the litigation of related controversies in one action." *Preston* v. *Preston,* 102 Conn. 96, 122, 128 A. 292. "It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." *Welles* v. *Rhodes,* 59 Conn. 498, 503, 22 A. 286; and see *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 392, 185 A. 82.

In its essence, the complaint before us attempts to assert, first, a claim against the individual defendants on the ground that they are liable for the creation and maintenance of a nuisance upon a sidewalk, and against the city for the creation and maintenance of the same nuisance; and, secondly, a claim in the alternative against the individual defendants for the creation and maintenance of the nuisance or against the city for the same condition as constituting a defect in the sidewalk. One primary breach of duty, unlawful interference with the use by the plaintiff of the sidewalk in question, resulting in injury to him, is the basis of all these claims for relief, and the liability of each defendant depends upon proof of the breach of that duty. In considering the first proposition, we assume that the facts would justify a claim that both the city and the individual defendants might be held responsible for the creation or maintenance of the nuisance, and if that is so they

all might be found to be concurrently liable. The rule that under modern codes of practice such as ours two tort-feasors the fault of each of whom contributes to the plaintiff's injury may be sued in a single action is not limited to recoveries grounded on negligence. *Sparrow* v. *Bromage,* supra; Prosser, Torts, p. 1096; Salmond, Torts (10th Ed.) pp. 74, 75, and note, p. 75; see also *Davenport* v. *Ruckman,* 37 N. Y. 568, 574; *Peoria* v. *Simpson,* 110 Ill. 294, 301; *Papworth* v. *Milwaukee,* 64 Wis. 389, 402, 25 N. W. 431. In *Fabrizi* v. *Golub,* 134 Conn. 89, 99, 55 A. 2d 625, we said: "A municipality may be liable for injuries caused by a condition upon a highway which it has created; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 11 A. 2d 399; and where an action is brought on that ground apart from the statute the usual principles governing joint liability where the misconduct of one concurs with that of another would apply." Upon the bare allegations of the complaint there was no misjoinder as regards the first proposition.

As to the second claim, the city and the individual defendants could not be held jointly liable on the ground that the former failed to perform its statutory duty to protect travelers against a defective condition of the sidewalk and the latter created or maintained the nuisance. *Fabrizi* v. *Golub,* supra. The plaintiff might, however, claim in the alternative that the individual defendants were liable because they created or maintained the nuisance or that, if the proof failed to show any wrongful conduct on their part which was a cause of the condition of the sidewalk, the city was liable under the statute. The joinder of the defendants falls within the provisions of § 19 of the Practice Book and does not contravene the sentence we have quoted from § 5512 of the Gen-

eral Statutes. There was error in sustaining the demurrer.

Because we are dealing solely with matters of procedure and because of the unwarranted use of counts in the complaint before us, we take note of a suggestion that this court has encouraged the use of separate counts in complaints setting up different bases of recovery against a single defendant. At the time of the enactment of the Practice Act of 1879, a rule was adopted as follows: "Where separate and distinct causes of action (as distinguished from separate and distinct claims for relief, founded on the same cause of action or transaction), are joined, the statement of the second shall be prefaced by the words *Second Count,* and so on, for the others; and the several paragraphs of each count shall be numbered separately, beginning in each count with the number one." Practice Book, 1879, p. 12, § 4. That rule is still in effect. Practice Book § 33. The words "causes of action" used in it have the same meaning as in the provision of § 5512 we have been considering. "This rule does not require separate counts in all cases where the plaintiff declares on several causes of action, but only when these are separate and distinct from each other . . . . Separate and distinct causes of action, within the meaning of this rule, must be such as are both separable from each other, and separable by some distinct line of demarcation." *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 563, 29 A. 76. We have uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for

relief do not have the same legal basis.[1]  It is only when the causes of action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable. *Purdy* v. *Watts,* 91 Conn. 214, 216, 99 A. 496.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.

[1] Examples are:  Recovery for injuries claimed to have been due to a faulty railing at the side of a highway and a depression and pile of stones in it; *Ashborn* v. *Waterbury,* 70 Conn. 551, 555, 40 A. 458; damages resulting from distinct highway defects; *Dean* v. *Sharon,* 72 Conn. 667, 673, 45 A. 963; injuries to a passenger on a street railway car due to her jumping from it to avoid an imminent collision, or being thrown from it; *Brockett* v. *Fair Haven & W. R. Co.,* 73 Conn. 428, 432, 47 A. 763; breach of contract in an exchange of property and fraud in inducing the plaintiff to enter into it; *Knapp* v. *Walker,* 73 Conn. 459, 460, 47 A. 655; damages for unlawful entry upon premises, detaining some of the plaintiff's furniture and placing the rest in the street; *Dawson* v. *Marsh,* 74 Conn. 498, 500, 51 A. 529; damages for conversion of certain bonds or the unlawful detention of the proceeds of their sale; *Fairfield* v. *Southport National Bank,* 80 Conn. 92, 100, 67 A. 47; negligence of, and breach of a statutory duty by, a street railway company as regards a defect in the highway; *Root* v. *Connecticut Co.,* 94 Conn. 227, 232, 108 A. 506; a recovery of money on the basis that it was obtained by undue influence or that it was loaned; *Raymond* v. *Bailey,* 98 Conn. 201, 205, 118 A. 915; several acts of negligence; *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 740, 130 A. 102; and damages for a failure to pay a note or for fraud in obtaining it. *Personal Finance Co.* v. *Lillie,* 129 Conn. 290, 291, 27 A. 2d 794.