### Joseph A. Becker, Jr. *v.* Robert B. Steele et al.

Superior Court      Fairfield County      File No. 104382

Memorandum filed February 4, 1958.

*Irving Levine,* of Danbury, for the plaintiff.

*H. Leroy Jackson,* of Danbury, for the defendant Robert B. Steele.

FitzGerald, J. The defendants are two in number, namely, Robert B. Steele of London, Ohio, doing business as Steele's Frontier Days, and the Great Danbury State Fair, Inc., a Connecticut Corporation. The plaintiff's complaint is in two counts. The defendant Steele moves to expunge the second count on the ground "that it is merely repetitious of the first count and introduces no new facts already set forth in the complaint."

A reading of the subject matter of both counts discloses that the only substantial difference between them is the manner in which the allegedly offending elephant is described. Paragraph 6 of the second count refers to the elephant as "an animal ferae naturae." It is not so described in the first count. Paragraph 8 of the second count proceeds to incorporate by reference paragraph 11 of the first count which alleges, among other things, that the plaintiff's injuries resulted "from the negligence of the defendants." That the allegations of negligence directed against both defendants in the first count are of

greater particularity is not deemed to be of controlling moment.

Rule 34 of the Practice Book specifies when separate counts are to be employed. Such are to be employed when the subject matter of the counts is concerned with "separate and distinct causes of action." See *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 563, quoted in the more recent case of *Veits* v. *Hartford*, 134 Conn. 428, 438, in which Chief Justice Maltbie reviews those situations when separate counts are proper.

The basis of both counts in the complaint at bar is negligence. Describing the elephant in the second count as "an animal ferae naturae" adds nothing to the legal picture. While there is authority for the proposition that "an animal ferae naturae" may give rise to liability of an absolute nature when it causes injuries (2 Am. Jur. 725, § 43), and Prosser on Torts, page 438, citing an English case (*Filburn* v. *People's Palace & Aquarium Co.*, 25 Q.B.D. 258), refers to elephants as coming within that classification, nevertheless the second count in its present form does not allege a cause of action other than one founded in negligence. Hence it states the same kind of cause of action as is found in the first count, and not a separate and distinct cause of action.

Parenthetically, a descriptive note to the English case referred to by Prosser, op. cit., is found in 22 A.L.R. 630.

For reasons stated, the motion of the defendant Steele to expunge the second count of the complaint is required to be, and is, granted.