ANNA PICARDI ET AL. *v.* ADLEY EXPRESS CO. ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 26518

Memorandum filed March 31, 1960

*Suisman, Shapiro & Wool,* of New London, for the plaintiffs.

*Waller, Smith & Palmer,* of New London, for the named defendant.

*Edmund L. Eshenfelder,* of New London, for defendant city of New London.

TROLAND, J. The plaintiffs have joined in their complaint two causes of action against the defendants in one count.

The complaint attempts to assert, first, a claim against the defendant city of New London for breach of its duty under § 13-11 of the General Statutes; secondly, a claim against the Adley Express Company and the city of New London jointly for causing a nuisance by creating a rough, uneven and slippery depression in a sidewalk.

The factual situation alleged is that at some time or other in the past (once upon a time) a tree existed in the sidewalk area described in the complaint, and that in removing the tree the city of New London improperly filled in the area with black macadam or similar substance, leaving it rough, uneven and lower than the surrounding sidewalk area, and "in addition on December 13, 1958 and for several days prior thereto, this blacktop area, because of its low surface, had collected water which had frozen into ice." It is further claimed that (at some time) the defendant Adley Express Company, in maneuvering its vehicles in and out of its premises directly across the street from said defective

sidewalk, repeatedly drove its vehicles over the sidewalk above described, crumbling and depressing the sidewalk, particularly in that area which consisted of black macadam or similar substance.

Plaintiffs rely on *Veits* v. *Hartford,* 134 Conn. 428, in drafting their complaint as stated. If one resolves in favor of the plaintiffs the question whether it is a single group of facts which is claimed to have brought about an unlawful injury to the plaintiffs and holds that one primary breach of duty, to wit, unlawful interference with the use by the plaintiffs of the sidewalk in question, is the basis of plaintiffs' claims for relief, it would seem proper for a single action to be maintained to recover for the injuries received. However, the joinder of causes of action, if permitted by the statute and rule, requires that said causes be separately stated. General Statutes § 52-97. The city and the individual defendant cannot be held jointly liable on the ground that the former failed to perform its statutory duty to protect travelers and the latter created or maintained a nuisance. *Fabrizi* v. *Golub,* 134 Conn. 89, 99. The plaintiffs might, however, claim in the alternative, as was done in *Veits* v. *Hartford,* supra. Although the causes of action herein alleged are separate and distinct from each other and should be separately stated, the plaintiffs have not claimed relief in the alternative, as they should have done. *Veits* v. *Hartford,* supra, 437; *Fabrizi* v. *Golub,* supra; Practice Book §§ 20, 38.

The demurrer is sustained for misjoinder of causes of action. Practice Book § 99. Also, for the further ground that in so far as the complaint as amended attempts to state a cause of action against the city of New London based on a violation of General Statutes § 13-11, it is not alleged that the plaintiff Anna Picardi was free from contributory negligence.