[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 21, 1991, Adolph Mueller II and Michelle Bertrand, the plaintiffs, filed with this court an appeal from the defendant Town of Salisbury's Board of Tax Review ("the Board"). Counts one, two and three of the appeal are based upon the plaintiff-applicants' three acre parcel of land ("Parcel I") located on Limerock Road in Salisbury, Connecticut, and allege that the Town's assessors valued this property at an excessive rate of $261,930.00. The plaintiffs allege that they filed an appeal with the Board, but that the Board refused to revise the valuation. Consequently, pursuant to General Statutes 12-118, the plaintiffs appealed to this court seeking, inter alia, a reduction in the valuation of Parcel I.
Counts four through seven pertain to another property owned by the plaintiffs on Limerock Road in Salisbury ("Parcel II"). Parcel II consists of three parcels of land totalling approximately three hundred thirty (330) acres, and was valued at $978,790.00. The plaintiffs repeat the allegations contained in counts one through three and add count seven, asserting that the assessor granted farm land classification pursuant to General Statutes 12-107 For Parcel II but no credit for such was given the plaintiffs.
The decision of the Board was reached on April 30, 1991, and the plaintiffs appealed by serving the defendant on June 21, 1991, within the appeal period provided by General Statutes 12-118 and 12-119. On August 26, 1991, the defendant filed a motion to strike counts four through seven of the plaintiffs' appeal, claiming such were improperly joined. Pursuant to Practice Book 155, a memorandum was submitted in support of the motion to strike. On September 25, 1991, the plaintiffs filed a memorandum in opposition to the motion to strike. CT Page 8717
A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The facts alleged must be construed in favor of the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
In its memorandum in support of the motion to strike the defendant argues that the plaintiffs appeal involves two separate properties and two separate decisions of the Board, and that each property has unique characteristics. The defendant states that General Statutes 12-118 and12-119 do not provide the plaintiffs the option of bringing two appeals as one and, accordingly, argues that counts four through seven should be stricken as improperly joined.
The plaintiffs, in their opposing memorandum, argue that this appeal arises out of one cause of action and that, in the interests of judicial economy, it is proper to bring this appeal as separate counts in the same complaint. While the plaintiffs claim that the motion to strike should be denied, they argue in the alternative, that the plaintiffs should have the right to select which counts, and accordingly, which property, should be stricken.
Administrative appeals, such as this case, are civil actions, Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697,700, 556 A.2d 602 (1989) and the rules of joinder articulated in Practice Book 133 and 134 apply. Section 133 states, in pertinent part, that ". . .if several causes of action are united in the same complaint, they shall all be brought to recover. . .(7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Practice Book 134 states that "[t]ransactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen.
A "cause of action" as that term is used in Practice Book 133(7) has been defined as "the groups of facts upon which the plaintiff bases his claims for relief. . ." Veits v. Hartford, 134 Conn. 428, 439, 58 A.2d 389
(1948). See also Antonucci v. Sansone, 4 CSCR 598 (July 10, 1989, O'Connor, J.) (stating that a". . .Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action.") (Citations omitted.)
In the present case the petitions to correct the assessments were submitted, and the decisions rendered thereon, on but one form. The facts upon which the petitions were based are similar, namely, the assessments of two contiguous parcels of land. Thus, the counts are properly joined, as they "arose out of a single occurrence, the action of the board of tax review . . . [with regard to] the valuation of the plaintiff[s'] properties. . . ." President and Fellows of Harvard College v. Ledyard, CT Page 871832 Conn. Sup. 139, 149, 343 A.2d 649 (1975, Bieluch, J.). Consequently the motion to strike is denied.
SUSCO, J.