[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#119)
I. FACTS
This action is a tax appeal pursuant to Connecticut General Statutes Sec. 12-118. The original application dated May 14, 1991 involved six counts concerning eight parcels located in the Town of East Hampton. The eight plaintiffs, parties with various combinations of joint and sole ownership in the parcels, appealed from eight separate decisions of the defendant East Hampton Board of Tax Review concerning the assessments on the October 1, 1990 grand list of the eight parcels.
The plaintiffs allege that the valuations made by the assessors of the defendant Town of Hampton on the eight subject parcels were grossly excessive, disproportionate and unlawful. The plaintiffs further allege that they duly appealed the valuations on their properties to the East Hampton Board of Tax Review (the "Board"), which did not alter the valuations. The plaintiffs also allege that the Board failed to hold or conduct a proper and fair hearing as required by the General Statutes thereby denying the plaintiffs of their right to appeal the valuation of their property.
On March 17, 1992, the defendant filed a motion to strike the action for improper joinder of causes of action pursuant to Practice Book Sec. 152(4). The court (Austin, J.) granted the motion to strike on the ground that the six counts were misjoined because there was no plaintiff with an interest in all eight subject parcels.
The plaintiffs, John M. Purple, David B. Purple and Bruce Tolhurst, filed a four count amended complaint dated June 18, 1992 appealing the assessments on six different properties in East Hampton on the October 1, 1990 grand list. The four counts of the complaint correspond to the four combinations of ownership of the six parcels.[1] The six parcels are identified as 39 North Main Street, 41 North Main Street, 64 North Main Street, Island 2 No. 10A/83/2C, Island 2 No. 10A/83/2A, and Island 2 No. 10A/83/2B. The plaintiffs' Amended Complaint is based on the same grounds stated in the original application. CT Page 9737
In the original application, David B. Purple was not listed as an owner of either the properties identified as 39 North Main Street or 41 North Main Street. David B. Purple, however, was listed in the original application as either a sole or joint owner in the remaining four properties identified in the Amended Complaint.
The defendant filed a motion to strike the Amended Complaint dated August 4, 1992 accompanied by a memorandum of law pursuant to Practice Book Sec. 152(4). The plaintiff filed a memorandum of law dated September 25, 1992 in opposition to the motion to strike.
II. DISCUSSION
The motion to strike is a "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280, 281,567 A.2d 1264 (1990). "In ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Blancato v. Feldspar Corporation,203 Conn. 34, 36, 522 A.2d 1235 (1987).
"Whenever any party wishes to contest . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . that party may do so by filing a motion to strike the contested pleading . . ." Practice Book Sec. 152.
Practice Book Sec. 133 provides that several causes of action may be joined in one complaint ". . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. The several causes of action . . . shall affect all parties to the action . . .". Practice Book Sec. 133; see also Conn. General Statutes Sec. 52-97. A cause of action as used in Practice Book Sec. 133(7) has been defined as "groups of facts upon which the plaintiff basis his claim for relief . . ." Veits v. Hartford, 134 Conn. 428, CT Page 9738 434, 58 A.2d 389 (1948). Each cause of action must affect all the parties to the action. Kolakowski v. Jasinski, 3 Conn. L. Trib. No. 32, p. 13 (1977); Herskowitz v. Fiorini, 3 Conn. L. Trib. No. 23, p. 12 (1977).
Where a motion to strike is granted on the grounds of misjoinder the losing party may amend the pleadings so as to cure the defect. Ferriera v. Estevam,2 Conn. L. Rptr. 712, 713 (November 7, 1990, Maloney, J.).
 The granting of a motion to strike [on the ground of misjoinder] invites the losing party to file a new pleading in order to cure the defect . . . [I]t would permit the plaintiff either to allege facts which might link the misjoined causes of action or to elect which causes of action should remain in the original complaint and which should form the basis of a new complaint.
Id.
The defendant argues that counts three and four should be stricken because they do not affect all the plaintiffs. Defendant asserts that in order for the plaintiffs to be properly joined each cause of action must affect all parties to the action. The defendant also argues that count one should be stricken because in the original application the plaintiffs admitted that David B. Purple had no interest in 39 North Main Street or 41 North Main Street. In the alternative, the defendant argues that all the counts should be stricken on the ground that it is improper to join multiple tax appeals in one action.
Plaintiffs argue that they are properly joined pursuant to Practice Book Sec. 133 because each has a claim arising out of the same transaction or series of transactions. The plaintiffs argue that each cause of action affects all the parties to the action because they all arise out of the Town's valuation of the plaintiffs' parcels. Plaintiffs also argue that joinder is proper because there is one plaintiff, David B. Purple, with an interest in every parcel involved. CT Page 9739
Appeals from tax assessments on contiguous parcels may be joined in a single administrative appeal under Conn. General Statutes Sec. 12-118. Mueller v. Board of Tax Review, 5 Conn. L. Rptr. 204 (October 28, 1991); See President and Fellows of Harvard College v. Ledyard, 32 Conn. Sup. 139,149, 343 A.2d 649, 654 (1975).
It is decided that the defendant's motion to strike the plaintiffs' Amended Complaint should be denied. It is further decided that counts three and four should not be stricken because they do affect all plaintiffs. Paragraphs 4, 5 and 6 of counts three and four of the Amended Complaint assert that the defendant's valuation placed on the property was unlawful, arbitrary and capricious, and absent a statutorily required hearing process. These allegations are asserted in all four counts concerning all the plaintiffs. Counts three and four affect all the plaintiffs because should it be found that the valuation process was flawed in counts three and four then it was flawed as to the remaining plaintiffs in counts one and two.
It is determined that count one should not be stricken on the ground that a motion to strike admits all facts well pleaded and it does not admit the truth or accuracy of the opinions stated in the pleadings. Blancato, supra, 36. Although the original application did not state that David B. Purple had an interest in either 39 North Main Street or 41 North Main Street, the court in considering a motion to strike must admit the facts as pleaded. It is found that the plaintiff is entitled to allege facts which may link the misjoined causes in order to cure a previous defect. Ferriera, supra, 713. It is further found that by alleging that David B. Purple has an interest in all six parcels, the plaintiff has linked the misjoined causes in order to cure the defect. Accordingly, the motion to strike count one should be denied.
III CONCLUSION
For the reasons herein stated it is concluded that the defendant's motion to strike ought to be and is hereby denied because the four counts in the plaintiffs' Amended complaint are properly joined in that one plaintiff has an interest in all six parcels and each cause of action CT Page 9740 affects all the plaintiffs.
It is so ordered.
ARENA, J.