[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"[I]f several causes of action are united in the same complaint, they shall all be brought to recover . . . upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. . . . [I]n any case in which several cause of action are joined in the same complaint . . . , if it appears to the court that they cannot all be conveniently heard together the court may order a separate trial of any such cause of action. . . ." Practice Book 133. Although the Practice Book does not specifically refer to a motion to sever, such motion might be used to address causes of action `which cannot all be conveniently heard together.'" Ferreira v. Estevan,2 Conn. L. Rptr. 712 (November 7, 1990, Maloney, J.) Generally, parties should be able to settle all their controversies in a single action, and all related controversies should be litigated together. Veits v. Hartford, 134 Conn. 428, 435-6,58 A.2d 389 (1948).
In the present case, count one of the amended complaint alleges a breach of contract cause of action; count two alleges a CUTPA violation based on the facts alleged in count one; count three alleges a breach of an implied covenant of good faith and fair dealing cause of action, based on the facts alleged in count one; and count four alleges a CUTPA cause of action based on the facts alleged in count one. All of the counts arise out of the same transaction. Hence they are properly joined. The defendant's arguments do not relate to the inconvenience of trying the counts together, and that pursuant to the holding of Ferreira v. Estevan, supra, the motion to sever could properly relate to this in a civil case. Rather, the defendant's arguments relate to the possible prejudice involved in trying the counts together, and base its argument in Rhode Island case law. Connecticut courts are not required to consider decisions reached by other jurisdictions. Robert C. Buell Co. v. Danaher 127 Conn. 606, 613, CT Page 131518 A.2d 697 (1941). Hence, it is submitted that the court may deny the motion to sever.
Dunn, J.