[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SEVER
This action arises out of the defendant's refusal to pay the plaintiff the underinsured motorist benefits he claims he is entitled to as a result of the damages he incurred in two separate automobile accidents he had with underinsured motorists, both of which occurred while he was insured by the defendant. Counts one and two relate to the plaintiff's claim for such benefits for accidents that occurred in October, 1995, and March, 1996, respectively.
Before the court is the defendant's motion to sever, in which the defendant argues that the two counts are improperly joined in a single action because they do not arise either out of the same transaction or out of separate transactions related to the same subject matter. For the following reasons, the motion is denied.
As previously noted by this court: "practice book § 10-21 and General Statutes § 52-97, which contain the same provisions specifically allow for joinder `upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. Practice book § 10-21 (7); see also General Statutes § 52-97 (7)." Johnson-Pierce v. Elrac, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0380971 (March 25, 2002, Gallagher, J.) (31 Conn.L.Rptr. 657, 659). One of the purposes of joinder is "to enable parties to settle all their controversies in a single action . . . and it also furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action, . . . It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." (Citations omitted; internal quotation marks omitted.) Veits v.Hartford, 134 Conn. 428, 435-36, 58 A.2d 389 (1948). CT Page 15328-bc
"Trial courts are vested with discretion in addressing issues of joinder; however, they should always consider the interests of judicial economy and practicality in applying the joinder rules." Johnson-Piercev. Elrac, Inc., supra, 31 Conn.L.Rptr. 659. In this case, the transactions at issue both pertain to the defendant's failure to pay the plaintiff benefits pursuant to the underinsured motorist provision of insurance policy or policies between the parties. Therefore, the court determines that counts one and two grow out of the same subject of action and thus, are properly joined in this action.
Accordingly, the defendant's motion to sever is denied.
 ___________________ ELIZABETH A. GALLAGHER
CT Page 15328-bd