[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (110.00)
The plaintiffs, Judi and Matthew Forstadt, filed a fourteen count complaint against the following defendants: Michael DeVito, d/b/a Club Sandwich; Diane DeVito, d/b/a Club Sandwich; Club Sandwich Franchising, Inc.; Devis, LLC, d/b/a Club Sandwich (Devis); La Mar, LLC d/b/a Club Sandwich; and Dimenstein Family Trust, Inc. The complaint alleges that Judi Forstadt was injured during a slip and fall accident at a delicatessen located at 122 Broad Street in Stamford (the premises), as a result of which she and her husband, Matthew Forstadt, have incurred damages. The plaintiffs claim that the six defendants owned, controlled, maintained and/or possessed the premises at the time of the accident. The first six counts allege, against all defendants, negligence due to a dangerous and defective condition. Counts seven through twelve set forth, against all defendants, Matthew Forstadt's claims for loss of consortium. The last two counts are by both plaintiffs against each defendant, except Dimenstein Family Trust, Inc., and allege unfair trade practices.
Counts thirteen and fourteen allege that the defendants to whom the counts are addressed failed to comply with General Statutes § 35-1[1]
by not filing a certificate of trade name stating the name under which the delicatessen business was to be conducted and identifying the owners of the business. Section 35-1 provides that such a failure "shall be deemed to be an unfair or deceptive trade practice under subsection (a) of [General Statutes] section 42-110b."[2] The plaintiffs seek damages for these alleged unfair trade practices under General Statutes42-110g.[3]
Pursuant to Practice Book § 10-39(a), Devis has moved to strike counts thirteen and fourteen on the ground that the plaintiffs have attempted to join two or more causes of action which cam-lot properly be united. Devis argues that the alleged violation of § 35-1 is irrelevant and unrelated to the claims for negligence, that there is no CT Page 574 unity of facts and that the alleged violation of § 35-1 was not a casual factor of the plaintiffs' injuries.
The plaintiffs object to the motion to strike and argue that the joinder of the claims set forth in the complaint are permitted, if not encouraged, by Practice Book § 10-21.[4] They also claim that, because of the defendants' failure to file the requisite fictitious name certificate, commencement of this suit was delayed while the owners of the delicatessen were identified, and the plaintiffs incurred additional costs associated with title searches and various other fees.
Practice Book § 10-39(a) provides, in relevant part: "Whenever any party wishes to contest (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . that party may do so by filing a motion to strike the contested pleading or part thereof." The motion to strike "may be intended to reach procedural defects in the pleading such as misjoinder of actions . . ." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). See also Kuchinski v. Curley Son, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385546 (March 22, 2002, Gallagher, J.). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) Gazov. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
"It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." (Internal quotation marks omitted.) Veits v. Hartford, 134 Conn. 428, 436, 58 A.2d 389 (1948). Furthermore, there is a "general policy of our law which favors as far as possible the litigation of related controversies in one action. " (Internal quotation marks omitted.) Id.
Practice Book § 10-21(7) "permits the joinder in one complaint of both legal and equitable claims "arising out of the same transaction or transactions connected with the same subject of action. ' Such a statute is liberally construed." Goggins v. Fawcett, 145 Conn. 709, 710,147 A.2d 187 (1958). Stated differently, it is proper "to join . . . different causes of action in one complaint, either if both arose out of the same transaction, or if, while one arose out of one transaction, and CT Page 575 the other out of another, both these transactions were "connected with the same subject of action. '" Craft Refrigerating Machine Co. v.Quinnipiac Brewing Co., 63 Conn. 551, 560, 29 A.2d 76 (1893).
The sole issue is whether the causes of action set forth in the complaint may be properly joined in one complaint, or whether the unfair trade practice claims must be stricken. For the reasons set out below, this court holds that, as the causes of action at issue may be joined in one complaint, the motion to strike must be denied.
The plaintiffs have alleged facts "which are claimed to have brought about an unlawful injury to the plaintiff for which one or more of the defendants are liable. . . ." Viets v. Hartford, supra, 134 Conn. 434. Because no fictitious name certificate was filed, the plaintiffs allegedly incurred additional expenses in learning the identities of those who owned, controlled, maintained and/or possessed the premises, one of whom is alleged to be Devis. The identities of the potentially liable parties are necessarily connected to the subject of this action, which is Judi Forstadt's slip and fall on the premises.
In the context of counterclaims, joinder has been discussed extensively by Connecticut's appellate courts. "A more recent Connecticut case favors the joinder of closely related claims where such joinder serves the interest of judicial economy. Jackson v. Conland, 171 Conn. 161, 368 A.2d 3
(1976). Such joinder is proper when "the same issues of fact and law are presented by the complaint and the [claim sought to be joined] and . . . separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts.' Id., 166-67." Northwestern Electric v. Rozbicki, 6 Conn. App. 417. 426-27,505 A.2d 750 (1986). The same policy holds true for the joinder of two or more causes of action in one complaint.
If this court decided to strike counts thirteen and fourteen, the plaintiffs could very well file a new complaint against Devis containing the same claims for unfair trade practices. This would mean that the same parties, the plaintiffs and Devis, could wind up litigating related actions separately, unnecessarily depleting judicial resources. For example, if the action for negligence and loss of consortium are tried before a jury, the jury will likely be presented with evidence pertaining to ownership, control, maintenance and/or possession of the premises and which parties were conducting the delicatessen business. Likewise, if the hypothetical separate action for unfair trade practices is tried before a separate jury, the jury will likely be presented with the same evidence, offered as proof of violation of General Statutes § 35-1. CT Page 576
To grant this motion would thwart the goal of judicial economy. Therefore, the motion to strike is denied.
So Ordered.
 ___________________ Taggart D. Adams Superior Court Judge