Jesse Goggins, Jr. *v.* Roscoe K. Fawcett, Jr., et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued October 8—decided December 2, 1958

*J. Ronald Regnier,* with whom were *William R. Moller* and, on the brief, *George E. Merwin,* for the appellants (defendants).

*Milton Krevolin,* with whom was *Leo Rosen,* for the appellee (plaintiff).

MURPHY, J. In this opinion the named defendant will be treated as though he was the sole defendant and he will be referred to as the defendant. The action against the defendant Avis Ford, Inc., was withdrawn. Agency of the named defendant for his father, the defendant owner of the motor vehicle, has not been contested. The complaint alleged the following: The plaintiff was operating his automobile in a southerly direction on route 8 in the town of Colebrook about 7:45 p.m. on April 24, 1955, when the defendant drove his vehicle from off the highway into the plaintiff's car. The defendant drove northerly from the scene without stopping. The plaintiff turned about and pursued him into Massachusetts. When the defendant was overtaken, he applied his brakes and swerved into the path of the plaintiff, who was forced off the road. His car rolled over and came to rest in a gully. He was injured. The defendant continued on his way without stopping.

The plaintiff sought recovery for personal injuries and damage to his automobile. The defendant filed a demurrer to the complaint, alleging misjoinder of two separate and distinct causes of action. The demurrer was overruled. When the case was reached for trial, the defendant renewed his claim of misjoinder, but the trial court heard the case on the merits and rendered judgment for the plaintiff. The defendant has appealed, alleging error in the ruling on the demurrer and error during the trial.

Section 7819(7) of the General Statutes permits the joinder in one complaint of both legal and equitable claims "arising out of the same transaction or transactions connected with the same subject of action." Such a statute is liberally construed. 1 Am. Jur. 465, § 77. While the complaint alleges two separate torts, one in this state and the other in

Massachusetts, they are acts having some connection with each other, in which both parties are concerned, and by which the legal relations of the parties have been altered. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 561, 29 A. 76. The allegations describing the operation by the defendant of his vehicle from the time it was driven into collision with the plaintiff's car on the highway in Colebrook until it caused the plaintiff's car to veer off the road in Massachusetts were a recitation of a group of related acts which went to make up one entire course of conduct and constituted a single transaction within the meaning of the statute. *Ripley* v. *Rodgers,* 213 S.C. 541, 544, 50 S.E.2d 575. The same result would be reached if what is viewed as one transaction could be regarded as consisting of more than one transaction, since all would be connected with the same subject of action, that is, the operation of the defendant's vehicle. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* supra, 562. The demurrer was properly overruled.

Upon the trial, the evidence disclosed that the defendant's station wagon, facing south, had been parked along the westerly edge of route 8 in Colebrook about two miles from the Massachusetts state line. The defendant and a companion consumed some beer and wine while seated on a stone in a field. The defendant had not eaten since lunch at 1:30 p.m. A drizzling rain was falling. The windows in the station wagon were fogged. The defendant made a U turn onto the highway without regard to southbound traffic. His left front bumper struck the plaintiff's car on the right side. The plaintiff stopped his car and backed up but the defendant, though he knew that he had struck the plaintiff's car, drove northerly

from the scene without stopping to ascertain the damage he had caused or to disclose his identity to the plaintiff, as was required by General Statutes § 2410. The plaintiff turned his car about in pursuit of the defendant to get his motor vehicle registration number and identity. In the chase, the defendant and then the plaintiff passed two northbound busses before the plaintiff caught up with the defendant in Sandisfield, Massachusetts, about two miles north of the state line. The plaintiff blew his horn and blinked his lights but the defendant did not stop. As the plaintiff was pulling alongside the defendant, the latter, at a bend in the road, turned out his lights, suddenly braked his car and swerved into the path of the plaintiff's automobile. The defendant had observed the headlights of the plaintiff's car through his rearview mirror and knew that the plaintiff had pulled out to pass the busses and was following him. The plaintiff was forced off the road. His car struck highway fence posts, turned completely over and landed in a gully. There was no actual contact between the vehicles in Massachusetts. The defendant continued on his way without stopping until apprehended by the Massachusetts state police about twenty minutes later, twelve or thirteen miles away. He responded to the policeman's orders slowly, was unable to maintain his hands in a raised position clasped behind his head, and was unsteady on his feet. There was a strong odor of alcohol coming from his person. He admitted substantially all of the foregoing facts to the police.

The plaintiff was not injured by the impact in Colebrook, though his automobile sustained an undetermined amount of damage. He was severely injured when his car turned over in Massachusetts, and it was badly damaged.

The defendant is not entitled to any material corrections in the finding. Examination of the testimony of Officers Robinson and Coffey as set forth in the draft finding discloses that the court allowed the witnesses to answer certain questions over the defendant's objection and then ordered the answers stricken. These rulings were not harmful to the defendant. Because of the peculiar circumstances out of which this litigation arose, the trial judge undertook the examination of some of the witnesses. In doing so, he was endeavoring to bring the facts out more clearly and to ascertain the truth. He did not assume the role of advocate but acted reasonably and within the exercise of his sound discretion, so that justice might be done. *MacWilliams* v. *American Fidelity Co.*, 140 Conn. 572, 580, 102 A.2d 345; *State* v. *Cianflone,* 98 Conn. 454, 468, 120 A. 347.

The conclusion of the court that the defendant was under the influence of intoxicating liquor at the time of these two incidents is, despite the absence of opinion evidence to that effect, fully supported by the subordinate facts found. The court could conclude, as it did, that the defendant was negligent in the operation of his station wagon and proximately caused the plaintiff's injuries and damage.

There is no error.

In this opinion the other judges concurred.