ANN DEL PRINCE [MICHAEL A. DEL PRINCE,
ADMINISTRATOR (ESTATE OF ANN DEL
PRINCE), SUBSTITUTED PLAINTIFF]
ET AL. *v.* CITY OF BRISTOL

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 8—decided November 30, 1965

*Herbert Watstein,* for the appellants (plaintiffs).

*Bernard D. Gaffney,* with whom, on the brief, was
*D. Stephen Gaffney,* for the appellee (defendant).

SHANNON, J.   This action, in two counts, was
brought against the defendant, the city of Bristol.
The first count was for damages for personal
injuries sustained by the plaintiffs' decedent

because of a fall and, the second count, for the recovery of medical and hospital expenses incurred by the decedent's husband, hereinafter called the plaintiff. It was alleged that the defendant failed to remedy a defective condition in one of its streets, which was icy at the time of the fall and for a long time prior thereto had been icy. Before the trial, the plaintiff's wife, the decedent, died of causes not related to her fall. The jury returned a verdict for the defendant.

The plaintiff did not include any claims of proof in his draft finding. Therefore, the court was not required to and did not make a finding as to the claims of proof. As the finding did not include the claims of proof and the charge as given, we are in no position to review the assignment of error on the failure to charge as requested. *Martyn* v. *Donlin,* 151 Conn. 402, 409, 198 A.2d 700.

But two assignments of error require attention. The first is directed to the denial of the plaintiff's motion to set aside the verdict because the court examined the plaintiff concerning the statements his deceased wife had made to him regarding the location and facts of her fall. It is quite apparent from the limited recital of the preliminaries to the examination that the witness had given garbled and confusing testimony, much of it unresponsive, before the court intervened. The court did not abuse its discretion in so doing. It was attempting to elicit the facts so that the jury could intelligently evaluate the plaintiff's case and do justice. *Goggins* v. *Fawcett,* 145 Conn. 709, 713, 147 A.2d 187.

The other assignment of error relates to the remarks of the defendant in argument to the jury. No exception was taken to the remarks at the time they were made or at the conclusion of the argu-

ment.   Nor was the court requested to charge respecting them.   Under these circumstances, the plaintiff is deemed to have waived this claim of error.   *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899.

There is no error.

In this opinion the other judges concurred.