[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY, MOTION TO VACATE ARBITRATION AWARD, AND MOTION TO CONFIRM ARBITRATION AWARD
The present action arises out of a motor vehicle accident in which one plaintiff seeks to recover damages for personal injuries sustained in the accident and his wife damages for loss of consortium. While the action was pending in the Superior Court, the parties agreed to arbitrate the dispute. The parties therefore filed a stipulation with the court requesting the court to allow the matter to proceed to binding arbitration. The stipulation of the parties states: "Liability is admitted and the only issue to be decided by the arbitrators is the amount of damages to be awarded to the claimant/plaintiff." The parties then proceeded to arbitration and two of the three arbitrators found all the issues in favor of the claimants and further found damages to the "Claimant Edward Newman, to be $224,000 less the applicable collateral source credit as provided by law." The arbitrators directed the respondent to pay the claimant Edward Newman the sum of $224,000 "less said credit." The arbitrators further found damages to the claimant Kristine A. Hurd to be $1,000.00 and directed the respondent to pay that sum.
The defendants have now moved to disqualify one of the arbitrators and to vacate the arbitration award. The plaintiffs have also filed an application to confirm the arbitration award.
The defendant asserts that one of the arbitrators, an attorney chosen by one of the parties, should be disqualified essentially on two grounds: (1) that the arbitrator, in his private practice, represented a plaintiff in a federal court action against a defendant who is insured by the Royal Insurance Company who also insures the defendant in the present action. The defendants claim that shortly before the arbitrators' award, the arbitrator, as CT Page 7504 attorney for the plaintiff, tried the federal court case in which the attorneys for the present defendant represented the defendant in the federal court action and that the result of that case was unfavorable to arbitrator and to his client. The defendants further claim that the arbitrator should be disqualified on the grounds that the questions that he asked during the course of the arbitration were "excessively adversarial."
The circumstances asserted by the defendants in the Motion to Disqualify do not constitute conduct that deprived the hearing of that fundamental fairness and impartiality required by due process under the rule of such cases as NLRB v. Webb Ford, Inc., 689 F.2d 733,736 (Cir. 1982). Similarly, neither the circumstances of the federal court action or the questions asked by the arbitrator constitute "evident impartiality" within the meaning of such cases as Local 530, AFCME Council 15 v. New Haven, 9 Conn. App. 260, 273
(19 6). The questioning by the arbitrator at the arbitration hearing constitutes, in the opinion of the court, no more than permissible questioning designed to bring out facts more clearly and to ascertain the truth. See, Goggins v. Fawcett, 145 Conn. 709,713 (1958).
The defendants also assert that the award should be vacated because the arbitrators did not designate past and future and economic and noneconomic damages as required by Tort Reform I and because the arbitrators did not determine the collateral source payments. Accordingly, the defendants claim that the arbitrators have failed to perform their obligations. The parties agreed to submit the matter to arbitration with the arbitration limited to "the amount of damages to be awarded." After the arbitration hearing was held, counsel for the plaintiffs wrote to the arbitrators, with a copy to opposing counsel, providing certain information with respect to no-fault payments and cost of medical insurance. The plaintiffs' attorney also requested that there be a breakdown of economic and noneconomic damages and other information. Thereafter counsel for the defendant wrote to the counsel for the plaintiff, with copies to the arbitrators, noting that it is "certainly our position as well that the collateral source issues should be able to resolved without a further hearing."
When the parties agree to arbitration, the extent of judicial review is delineated by the scope of their submission to the arbitrators. Garrity v. McCaskey, 223 Conn. 1, 4 (1992). In the present case the arbitrators were asked to determine the amount of damages payable to the claimants. There was no requirement imposed upon the arbitrators that they delineate the award in terms of past or present economic and noneconomic damages. Similarly, there is no basis, in view of the letters of counsel to the arbitrators, for the arbitrators to have made a determination on the collateral CT Page 7505 source payments. Accordingly, the award of the arbitrators conforms to the submission and the Motion to Vacate the Award on that ground is likewise denied.
General Statutes 52-417 provides that, upon an application for an order to confirm an arbitration award, the court shall grant an order confirming the award unless it is vacated, modified or corrected pursuant to 52-418 and 52-419. As much as there is no basis for vacating, modifying or correcting the award as set forth in those statutes and there is no issue of constitutionality or public policy involved, (See, Garrity v. McCaskey, supra, at 6) the application to confirm the arbitration award is hereby granted.
RUSH, J.