[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 29, 1994, the plaintiffs, Lisa Hratko ("Lisa") and Sharon Hratko ("Sharon"), filed a five count complaint against the defendants, the Town of Bethel ("Town"), the Bethel Board of Education ("Board"), Robert M. Gilchrest, Emil J. Fusek, Catherine Jackson, James Jackson, June Sweet, Reynold Martin, Gail Morris, Theresa McGorty, Helen Chapman (all referred to collectively as "the school") and Robyn Tombari ("Robyn"), Paul Tombari and Linda Tombari. The allegations in the complaint, which arise out of two sexual assaults of Lisa, set forth the following facts.
COUNT I
At all times material hereto, Lisa Hratko was enrolled as a student at the Bethel Middle School. On September 4, 1992, at approximately 2 p.m., Robyn Tombari, another student at the school, sexually assaulted Lisa on school grounds while the two girls were under the supervision of school employees. Immediately thereafter, Lisa reported the assault to James Jackson and June Sweet, teachers at the Middle School. At the time of the assault, the plaintiffs allege that Jackson and Sweet knew of several prior sexual assaults perpetrated by Robyn.
At the time of the September 4 assault, the plaintiffs allege that Robert M. Gilchrest, Superintendent of Schools; Emil Fusek, Principal of the Middle School; Catherine Jackson, the Director of Special Education; James Jackson; June Sweet; Reynold Martin, Special Education teacher; Gail Morris, Guidance Counselor; Theresa McGorty, Social Worker; and Helen Chapman, Director of Guidance, all had duties to exercise due care for the benefit of Lisa.
The plaintiffs further claim that the aforementioned defendants had duties to supervise, control, discipline, monitor and provide a safe environment for Lisa. The plaintiffs also allege that the Town and the Board had duties to timely and properly identify and provide for the educational needs of Lisa and Robyn.
On September 8, 1994, Robyn perpetrated another sexual assault on Lisa while the two were on school grounds under the supervision of school personnel. This time Lisa reported the assault to Gail Morris, who conducted a conference with Theresa McGorty, Lisa and Robyn. Robyn allegedly admitted that she CT Page 2410 perpetrated the assault upon Lisa. Thereupon, Reynold Martin joined the conference and defended Robyn, denying that she had the capability of performing the assault. At the time of this incident, the plaintiffs allege that all the individual defendants had notice or should have had notice of Robyn's sexual proclivities.
The plaintiffs state that subsequent to the September 8, 1992 incident, Robyn has continued to sexually assault Lisa on school grounds while under the supervision of school personnel. Following the multiple assaults, Catherine Jackson and Helen Chapman finally undertook to identify and provide for the educational needs of Lisa.
The plaintiffs further allege in count one that the defendants, or any of them jointly or severally, committed the following acts of negligence: failure to supervise and protect Lisa against the assaults; failure to supervise, control and monitor Robyn; failure to take prompt action after the September 4 incident; failure to notify Lisa's and Robyn's parents in a timely manner following the September 4 and September 8 incidents; failure to appropriately investigate and address Robyn's behavior concerning the September 4 and September 8 incidents; failure to prevent subsequent assaults by Robyn; failure to timely and adequately identify Lisa's educational needs; and, failure to address Lisa's educational needs immediately after learning of the assaults.
As a result of the defendants' multiple acts of negligence, Lisa alleges that she has been permanently damaged.
COUNTS II — V
In count two, Sharon alleges that she has expended monies for Lisa's medical treatments as a result of the defendants' negligence and will have to spend further sums in the future. In count three, the plaintiffs allege municipal liability on the part of the Town pursuant to General Statutes, Sec. 7-101a. In count four, the plaintiffs allege liability on the part of the Board pursuant to General Statutes, Sec. 10-235. In count five, the plaintiffs allege malice on the part of Robyn Tombari and parental liability for Robyn's acts against Paul and Linda Tombari pursuant to General Statutes, Sec. 52-572.
The school defendants filed their motion to strike the CT Page 2411 plaintiffs' complaint on September 15, 1994, and a supplemental memorandum on October 27, 1994, arguing that the complaint improperly joins the negligence allegations concerning the September 4, 1992 and the September 8, 1992 assaults in one action.[1] The school contends that the two incidents relate to different defendants; therefore, they are not properly united in one complaint. Although the school has moved to strike the entire complaint, the thrust of their argument is aimed at count one.
On September 19, 1994, the plaintiffs filed an objection to the motion to strike arguing that the matters are properly joined since they are integrally related in both time and circumstance and that the issue of notice is intertwined with the September 4 and September 8 occurrences.
"`The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985). "`The court must construe the facts in the complaint most favorable to the plaintiff.'" Novametrix MedicalSystems v. BOC Group, Inc., supra, 215. "The remedy for misjoinder of parties is by motion to strike. . . ." Zanoni v.Pikor, 36 Conn. App. 143, 145, 648 A.2d 892 (1994); Practice Book, Sec. 198.
"In any civil action the plaintiff may include in his complaint . . . causes of action . . . but, if several causes of action are united in the same complaint, they shall all be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Practice Book, Sec. 133. "Transactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen . . . ." Practice Book, Sec. 134.
The court is vested with discretion in "addressing the issue of joinder of parties and claims" under section 133.[2]Szymanski v. Hartford Hospital, 3 Conn. L. Rptr. 747, 751 (January 2, 1991, Clark, J.), citing State of Connecticut v.CT Page 2412Exxon Corporation, 2 CSCR 63, 64 (November 26, 1986, Noren, J.). Further, section 133 is to be liberally construed. Goggins v.Fawcett, 145 Conn. 709, 710, 147 A.2d 187 (1958) (discussing the predecessor to Practice Book, Sec. 133, General Statutes, Sec. 7819(7)). The liberal construction of the joinder rules "enable[s] parties to settle all their controversies in a single action; [citation omitted]; and it also furthers the general policy of our law `which favors as far as possible the litigation of related controversies in one action.'" Veits v. Hartford,134 Conn. 428, 436, 58 A.2d 389 (1948).
A recitation of related acts which connect one entire course of conduct constitutes a single transaction and are properly joined in a single complaint under section 133. Goggins v.Fawcett, supra, 710. Similarly, it is proper to join different causes of action in one complaint "if both arose out of the same transaction, or if, while one arose out of one transaction and the other out of another, both these transactions were `connected with the same subject of action.'"[3] Craft RefrigeratingMachine Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 560, 29 A. 76
(1893) (Craft I). "A transaction (considered as a past event), is something which has been transacted, something, that is, which has been carried through to its end."[4] Craft RefrigeratingMachine Co. v. Quinnipiac Brewing Co., 64 Conn. 657 (1894) (Errata) (Craft II). A transaction "must therefore consist of an act or agreement, or several acts or agreements having someconnection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." (Emphasis added.) Craft I, supra, 63 Conn. 561. Therefore, under Practice Book, Secs. 133(7) and 134, multiple transactions or events giving rise to a cause of action can be set forth in a single complaint as long as they have some connection with each other.
In Goggins, the court construed the phrase "subject of action" as it appears in Practice Book, Secs. 133(7) and 134.Goggins v. Fawcett, supra, 711. There, the plaintiff sought to recover damages for property damages and personal injuries arising out of two encounters with the defendant. In the first encounter, which occurred in Colebrook, Connecticut, the defendant forced the plaintiff's car off the road and sped away toward Massachusetts. The plaintiff righted his vehicle, turned around, and began to pursue the defendant. The second encounter occurred in Massachusetts where the plaintiff attempted to overtake the defendant. In the process, the plaintiff's car was CT Page 2413 forced off the road and into a gully. As a result of the recklessness on the part of the defendant, the plaintiff suffered personal injuries. Id. The court held that both encounters could be united in one complaint "since all would be connected with the same subject of action, that is, the operation of the defendant's vehicle." Id., 711.
In Craft I, the court also applied the "subject of action" analysis. Craft I, supra, 63 Conn. 562. There, the plaintiff sold the defendant two refrigerating machines. Id., 552. The defendant "wrongfully claimed that said machines were not of the quality and capacity contracted for, and notified the plaintiff to take them away; that the plaintiff, thereupon, while claiming that it had fulfilled the terms of the contract, nevertheless agreed to take the machines back, if it could take them immediately; that it thereupon sent for them, but the defendant forcibly prevented their removal and continued to use the machines as its own property and converted them to its own use." Id. The plaintiff combined causes of action for breach of contract and the subsequent conversion of the refrigerating machines in one complaint. Id. The court held the joinder of the two actions to be proper under the multiple transaction theory "since such would all be connected with the same subject of action, that is, the two machines and the title to them." Id., 562.
All of the transactions involved in this case are connected with the same subject of action, that is, Robyn Tombari's assaultive behavior toward Lisa Hratko. The plaintiffs allege, inter alia, that the school, through its agents and employees, had notice of Robyn's tendencies prior to the September 4 assault, and that knowledge continued through the time of the September 8 assault. They allege that the school failed to properly care for Robyn, knowing her sexual proclivities. They further contend that the school failed to properly identify and provide for the educational needs of Robyn and Lisa, which failures resulted in the assaults.
The plaintiffs further allege that the school failed to notify Robyn's and Lisa's parents about the assaults in a timely fashion. Sharon alleges that she has incurred and will continue to incur substantial medical expenses for Lisa's medical treatment due to the assaults. The plaintiffs also claim liability on the part of the Town and the Board arising out of the assaults. Further, the plaintiffs plead that Robyn's parents are subject to statutory vicarious liability for Robyn's acts. CT Page 2414 All of these facts are connected with the same subject of action within the meaning of Practice Book, Sec. 133(7) and 134.
In Szymanski v. Hartford Hospital, supra, 747-48, the court denied a motion to strike based on misjoinder under circumstances analogous to this case. In Szymanski, the plaintiffs' complaint stated several separate causes of action; one against the hospital for wrongful death, brought by the executrix, and the remainder alleging infliction of emotional distress and misrepresentation, brought by the individual family members. The wrongful death action alleged that the defendants committed malpractice during a hemodialysis treatment that caused the death of plaintiffs' decedent. The remaining counts arise out of a subsequent conspiracy by the defendants to cover up the cause of the decedent's death. The court held that "[p]laintiffs' claims for intentional infliction of emotional distress arise from the same set of facts, and/or . . . [they] grew out of the subject matter, that gave rise to the wrongful death action. This is true even though the specific facts that give rise to the respective claims did not occur simultaneously." Id., 750.
The Hratko's claims arising out of the September 4 and September 8 assaults grow out of the same subject matter, that is, Robyn Tombari's sexual proclivities. Here, as in Szymanski, even though the two assaults did not occur simultaneously, they are both related to the same subject of action.
In denying the motion to strike, the Szymanski court cited cases dealing with the multiple defendant scenario present in this case, stating that "`[b]ased upon our statutes, rules and precedents, in exercising its discretion, the court should invoke and attempt to implement workable, flexible but predictable procedures when misjoinder is claimed. Absent some real threat of harm to the plaintiff or gross imposition upon the court . . . when different defendants are involved, the relevant consideration appears to be the transactional theory of section 134." (Emphasis in original.) Id., 751, citing State ofConnecticut v. Exxon Corporation, supra, 64.
In Szymanski, the court found no threat of real harm to the different plaintiffs in proceeding against the defendants. Id., 751. In the present case, no real harm will accrue to either the plaintiffs or the defendants. There will not be a gross imposition upon the court in maintaining this matter as one action. In fact, it is much more economical to proceed in this CT Page 2415 fashion by having all disputes arising out of the same facts settled in one case. See Wallingford v. Glen Valley Associates,Inc., supra, 161 (joinder of related claims should be allowed where it is in the best interest of judicial economy).
Further, as set forth above, the transactions that give rise to the plaintiff's complaint are all related to the same subject of action, the perpetration of assaults by Robyn Tombari on Lisa Hratko. Therefore, since the transactional tests of Practice Book, Secs. 133(7) and 134 have been satisfied, there is no misjoinder in this case.[5]
Based on the foregoing, the motion to strike is denied.
Leheny, J.