[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 106
On May 25, 1995, the plaintiff, Cynthia Cohn, as parent and guardian of Deborah A. Cohn, filed a revised complaint against the defendants, Laidlaw Transit, Inc. (Laidlaw) and the City of Danbury (City), arising out of injuries allegedly sustained by Deborah Cohn on a Laidlaw Transit bus on January 26, 1993 and September 8, 1993.
Cohn alleges that on the two stated occasions, Laidlaw and the City were negligent by allowing the school bus to become overcrowded. Cohn recites that Laidlaw was negligent in both January and September in one or more of the following ways:
 a. In allowing more students to remain passengers on said bus than allowed by legal capacity;
 b. In allowing additional students to gain access to said bus when said additional students were not entitled to ride on said bus route;
 c. In failing to provide enough seating for the amount of students requiring transportation on said bus route;
 d. In failing to provide for the safe transportation of students, and more particularly, Deborah, to school;
e. In failing to provide, enforce and/or train its CT Page 12193 drivers with clear rules and regulations designed to ensure the safe transportation of the students entrusted to its care. . . .
Cohn also alleges that the City was negligent and breached the duties of care imposed by General Statutes § 10-220 and10-186 by failing to provide Deborah with reasonable and adequate bus transportation to school. As a result of these acts of negligence on these two occasions, Cohn alleges that Deborah has been injured.
On June 7, 1995, Laidlaw and the City filed a joint motion to strike Cohn's complaint on the ground that the January and September incidents are misjoined in a single complaint. The defendants, in their joint memorandum of law, argue that the motion to strike should be granted since Cohn failed to bring two separate actions against Laidlaw and the City; one for the January occurrence and one for the September occurrence.
On June 21, 1995, Cohn filed a memorandum of law in opposition to Laidlaw's motion to strike arguing that joinder is appropriate under the facts of this case.
"The remedy for misjoinder of parties is by motion to strike. . . ." Zanoni v. Pikor, 36 Conn. App. 143, 145,648 A.2d 892 (1994); Practice Book § 198. "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). "`The court must construe the facts in the complaint most favorably to the plaintiff.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992).
Practice Book § 133 provides that "[i]n any civil action the plaintiff may include in his complaint . . . causes of action . . . but, if several causes of action are united in the same complaint, they shall all be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." "Transactions connected with the same subject of action within the meaning of subdivision (7) of § 133, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen. . . ." Practice Book § 134. CT Page 12194
The court is vested with discretion in "addressing the issue of joinder of parties and claims" under § 133. Szymanski v.Hartford Hospital, 3 Conn. L. Rptr. 747, 751 (January 2, 1991, Clark, J.), citing State of Connecticut v. Exxon Corporation,2 CSCR 63, 64 (November 26, 1986, Noren, J.). Further, § 133 is to be liberally construed. Goggins v. Fawcett, 145 Conn. 709,710, 147 A.2d 187 (1958) (discussing the predecessor to Practice Book § 133, General Statutes § 7819(7)). The liberal construction of the joinder rules "enable[s] parties to settle all their controversies in a single action; and it also furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action." (Citations omitted; internal quotation marks omitted.) Veits v. Hartford,134 Conn. 428, 436, 58 A.2d 389 (1948). "Joinder is appropriate under § 133 if what is viewed as one transaction[1] could be regarded as consisting of more than one transaction where all transactions are connected with the same subject of action.Goggins v. Fawcett, supra, 145 Conn. 711." Hratko v. Bethel Boardof Education, supra. "Therefore, under Practice Book §§ 133(7) and 134, multiple transactions or events giving rise to a cause of action can be set forth in a single complaint as long as they have some connection with each other." Id.
In Goggins, the fact scenario involved a plaintiff alleging that the defendant operated his vehicle negligently on two occasions, once in Connecticut and once in Massachusetts. Gogginsv. Fawcett, supra, 145 Conn. 711. "The court held that both encounters could be united in one complaint `since all would be connected with the same subject of action, that is, the operation of the defendant's vehicle.' Id., 711." Hratko v. Bethel Board ofEducation, supra.
In Hratko, Judge Leheny denied the defendant's motion to strike in a case arising out of two separate incidents of sexual assault on the plaintiff. Id. The assaults allegedly occurred on September 4 and September 8 by one Robyn Tombari. Judge Leheny wrote that "[a]ll of the transactions involved in this case are connected with the same subject of action, that is, Robyn Tombari's assaultive behavior toward Lisa Hratko." Id. In denying the motion, Judge Leheny relied on Szymanski v. HartfordHospital, supra, wherein the court denied a motion to strike based on misjoinder.
 In Szymanski the plaintiffs' complaint stated several separate causes of action; one against the hospital for wrongful death, brought CT Page 12195 by the executrix, and the remainder alleging infliction of emotional distress and misrepresentation, brought by the individual family members. The wrongful death action alleged that the defendants committed malpractice during a hemodialysis treatment that caused the death of plaintiffs' decedent. The remaining counts arise out of a subsequent conspiracy by the defendants to cover up the cause of the decedent's death. The court held that "[p]laintiffs' claims for intentional infliction of emotional distress arise from the same set of facts, and/or . . . [they] grew out of the subject matter, that gave rise to the wrongful death action. This is true even though the specific facts that give rise to the respective claims did not occur simultaneously.' Id., 750.
 In denying the motion to strike, the Szymanski court cited cases dealing with the multiple defendant scenario present in this case, stating that `[b]ased upon our statutes, rules and precedents, in exercising its discretion, the court should invoke and attempt to implement workable, flexible but predictable procedures when misjoinder is claimed. Absent some real threat
of harm to the plaintiff or gross imposition upon the court . . . when different defendants are involved, the relevant consideration appears to be the transactional theory of § 134.' (Emphasis in original.) Id., 751, citing State of Connecticut v. Exxon Corporation, supra, [2 CSCR] 64.
 In Szymanski, the court found no threat of real harm to the different plaintiffs in proceeding against the defendants. Id., 751. In the present case, no real harm will accrue to either the plaintiffs or the defendants. There will not be a gross imposition upon the court in maintaining this matter as one action. In fact, it is much more economical to proceed in this fashion by having all disputes arising out of the same facts settled in one case. See Wallingford v. Glen Valley Associates, Inc., supra, 161 [190 Conn. 158, 161, 459 A.2d 525 (1981)] (joinder of related claims should be allowed where it is in the best interest of judicial economy).
Hratko v. Bethel Board of Education, supra.
The factors set forth in Hratko and Szymanski are satisfied in this case and call for the denial of the defendants' motion. The facts of the two occurrences are closely related insofar as they involve Laidlaw's practices and procedures for dealing with overcrowding on buses and the City's breach of its statutory duty to provide reasonable and adequate transportation to and from CT Page 12196 school to Deborah. The injuries that Deborah suffered will be in issue and Cohn will have to prove that they were the proximate result of one of the two alleged overcrowding incidents. Moreover, the fact that the accident occurred in January is relevant in establishing that Laidlaw and the City were on notice that an overcrowded bus could cause injuries to the passengers. Therefore, the two incidents have a close connection to each other and are maintainable in one action. Hratko v. Bethel Boardof Education, supra.
Furthermore, as in Hratko and Szymanski, there is no suggestion that the parties would be prejudiced by the two incidents being handled together and there is no indication that there will be a gross imposition on the court by "maintaining this matter as one action." Hratko v. Bethel Board of Education, supra; Szymanski v. Hartford Hospital, supra,3 Conn. L. Rptr. 741.
Based on the foregoing, the court denies the defendants' motion to strike.
Stodolink, J.