[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alfonso Delavega, filed a five-count complaint on April 28, 1995, against defendants, Chrisann Eleftheriou and State Farm Mutual Automobile Insurance Co. (State Farm) alleging injuries from an automobile accident with Eleftheriou. The first two counts allege negligence and recklessness against Eleftheriou, the last three counts allege breach of contract, unfair trade practices and unfair insurance practices against State Farm.
State Farm filed a motion to strike the third, fourth and fifth counts for improper joinder on June 16, 1995. The plaintiff filed an objection to the motion to strike on October 25, 1995. CT Page 105
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems. Inc. v.BOC Group. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Id., 215. "Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike." Hartzheim v.Derekseth Corp. , Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 320693 (April 10, 1987) (Noren, J., 2 CSR 537).
State Farm argues that the tort causes of action against Eleftheriou and the contract and statutory actions against State Farm "constitute separate causes of action . . . since each allege a separate and distinct group of facts resulting in separate and distinct claims of injury." (Memorandum of Law in Support of Motion to Strike.) Furthermore, the jury will become confused by a trial on both claims, and State Farm will be prejudiced because it will be seen as the "deep pocket."
The plaintiff argues that its claims arise from a single transaction, the automobile accident, and are therefore properly joined.
Practice Book § 133 states "[i]n any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." See General Statutes § 52-97. "Transactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen." Practice Book § 134.
"The purpose of joinder is to `enable parties to settle all their controversies in a single action.'" Hutchings v. Hutchings,
CT Page 106 Superior Court, Judicial District of Litchfield, Docket No. 054449 (February 22, 1993) (Dranginis, J. 8 Conn. L. Rptr. 433) quotingVeits v. Hartford, 134 Conn. 428, 436, 58 A.2d 389 (1948). Section 133 is to be liberally construed. Goggins v. Fawcett, 145 Conn. 709,710, 147 A.2d 187 (1958). Different causes of action are properly joined in one complaint "if both arose out of the same transaction, or if, while one arose out of one transaction and the other out of another, both these transactions were `connected with the same subject matter.'" Hratko v. Bethel Board of Education,
Superior Court, Judicial District of Danbury, Docket No. 317836 (March 7, 1995) (Leheny, J.) quoting Craft Refrigerating Machine Co.v. Quinnipiac Brewing Co., 63 Conn. 551, 560, 29 A. 76 (1983).
The last three counts incorporate paragraphs 1-7 in the first count which allege facts relating to the accident and the injuries caused by the accident. The counts allege that the injuries were paid for by State Farm until an independent medical examination concluded that the plaintiff had reached maximum medical improvement. The plaintiff alleges ongoing medical problems, but State Farm has refused to reimburse the plaintiff.
The claims do not arise from the same transaction. The first two claims arise from liability for the automobile accident and the injuries received, and the last three from the contract of insurance, whether the plaintiff continues to be injured, and State Farm's refusal to continue payment. The issues revolve around different subject matters. While they may be related, the essential transactions, the accident versus State Farm's decision to discontinue coverage, are separate.
Accordingly, the motion to strike is granted.