[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Donald F. Bouchard filed a six-count complaint against his former wife, Janet J. Sundberg, and her current husband, Lawrence E. Sundberg, claiming damages from their alleged interference with the emotional relationship between the plaintiff and the four issue of his marriage with Janet Sundberg. All counts, except count two, are directed toward both of the defendants. The first count alleges alienation of affections of the children; the second count alleges breach of contract against Janet Sundberg only; counts three and four allege intentional and negligent infliction of emotional distress, respectively; count five alleges intentional custodial interference; count six alleges conspiracy to commit assault and battery.
On December 22, 1999 the defendants filed a motion to strike the CT Page 7332 plaintiff's entire complaint on the ground of improper joinder and, in the alternative, to strike counts one, three, four and five for failure to state a cause of action for which relief can be granted and to strike counts two and six for improper joinder.[1]
A motion to strike challenges "the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[T]he court is limited to the facts, alleged in the complaint." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The motion "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). The court, however, "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Bhinder v. Sun Co., 246 Conn. 223, 226, 717 A.2d 202 (1998).
The first eight paragraphs of counts one through five of the complaint are identical, reciting the marriage of the plaintiff and Janet Sundberg, their parentage of four children, the plaintiff's "close, warm, loving relationship" with those children, the circumstances allegedly surrounding the plaintiff's leaving the former family home, an "intentional and vicious", and successful, campaign by Janet Sundberg to alienate the four children from their father and the Sundbergs' ultimate divorce on June 26, 1995. Counts one, three, four and five go on to allege that, after his marriage to Janet Sundberg on October 26, 1997, Donald Sundberg "conspired with her to alienate the four Bouchard children from their father".
Count one seeks damages for the alleged alienation of the affections of the four Bouchard children. Since the decision in Zamstein v. Marvasti,240 Conn. 549, 566 (1997), it is clear beyond question that a cause of action for alienation of affections of children is not recognized in Connecticut. Therefore, count one must be stricken.
Counts two, three and four run afoul of the requirement that "(e)ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies". (Emphasis added.) P.B. § 10-1. The requirement that facts be plead is no mere procedural nicety. Pleading facts gives the defendants fair notice of just what is the claim against which they must defend. It is intended to cut down on motions seeking specificity in the allegations of the complaint and to give the CT Page 7333 parties a head start on discovery.
Therefore, failure to state a claim in compliance with this rule amounts to a failure to state a claim upon which relief can be granted, the ground for the defendants' motion. "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." (Internal quotation marks omitted.) Bonamico v. City ofMiddetown, 47 Conn. App. 758, 760 (1998). See also Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
While each of these counts states with particularity the facts summarized above, when it comes to the operative allegations of the conduct allegedly causing damage to the plaintiff, they lapse into conclusions of law rather than statements of fact. For example, in count two, after reciting that the dissolution agreement of the plaintiff and the defendant Janet Sundberg provides for mandatory therapy and counseling to reestablish the relationship between the plaintiff and his children, the plaintiff merely alleges that the defendant Janet Sundberg "has violated the terms of said contract".
The same is true of counts three and four. After alleging in conclusory terms that the defendants have engaged in conduct intended to continue the alienation of the children's affections, they conclude by alleging the elements of intentional and negligent infliction of emotional distress, respectively.[2]
Therefore, these counts must be stricken.[3]
The defendants move to strike count five, which claims an intentional interference with parental rights and visitation, on the ground that it repeats the allegations of the plaintiff's first count and is thereby barred by General Statutes § 52-572b. Alternatively, they argue that the plaintiff fails to allege a necessary element, physical interference or separation, as required by General Statutes § 53a-98. In opposition, the plaintiff cites to the Restatement (Second) of Torts § 700 and Marshak v. Marshak, 226 Conn. 652 (1993), in support of his claim that Connecticut does recognize a tort of custodial interference.
Our Supreme Court recently held that a custodial parent may, indeed, be guilty of custodial interference pursuant to General Statutes § 53a-98; See State v. Vakilzaden, 251 Conn. 656, 742 A.2d 767 (1999); thereby expressly overruling the Marshak decision to the contrary. Both §53a-98 and the Restatement (Second) of Torts require, however, a physical separation or deprivation. See General Statutes § 53a-98;[4] see also Restatement (Second) of Torts § 700 (1977)[5]. CT Page 7334
The Vakilzaden Court focused on the legal status of the defendant parent in relation to the child, but clearly the Court intended the interference or deprivation to be that of the physical kind, not psychological or emotional. See id., 664-65 ("[t]he crime of custodial interference was designed to protect any custodian from deprivation of his or her custody rights"). Furthermore, the Supreme Court, in theZamstein case, supra, held that an "extralegal taking of custody [is] required for the tort of intentional interference of custodial rights".Zamstein v. Marvasti, supra, 240 Conn. at 566.
The defendants argue that claiming this cause of action without this element of physical separation is merely another way of claiming the outlawed tort of alienation of affections of children. This court agrees. Therefore, the defendants' motion to strike count five is granted.
The defendant moves to strike count six, alleging conspiracy to encourage and permit two of the plaintiff's children to assault him physically, on the ground of improper joinder, arguing that this cause of action does not arise out of the same transactions connected with the same subject of action as the other counts, in violation of Practice Book § 10-21(7). In opposition, the plaintiff argues that all of the allegations arise from the single fact that, since the date of dissolution of his marriage with Janet Sundberg, she and Lawrence Sundberg have endeavored to damage and disrupt the relationship between the plaintiff and his children.
Practice Book § 10-39(4) states that a motion to strike may be used to contest "the joining of two or more causes of action which cannot be properly united in one complaint, whether the same be stated in one or more counts. . . ." Inasmuch as the court is striking all of the other counts of the complaint, this issue may presently be moot, but the court addresses it to obviate a reconsideration should the plaintiff successfully replead one or more of the other counts. See P.B. §10-44.
Presumably, the plaintiff bases his argument on Practice Book § 10-22
which states that "[t]ransactions connected with the same subject of action . . . may include any transactions which grew out of the subject matter in regard to which the controversy has arisen. . . ." This provision is to be liberally construed. See Goggins v. Fawcett,145 Conn. 709, 710, 147 A.2d 187 (1958). Furthermore, Practice Book §10-23 states that "[w]here several torts are committed simultaneously against the plaintiff . . . they may be joined, within the meaning of subdivision (7) of section 10-21, as causes of action arising out of the same transaction, although they may belong to different classes of torts." CT Page 7335
"Transactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133 [now § 10-21], may include any transactions which grew out of the subject matter in regard to which the controversy has arisen." (Internal quotation marks omitted.) Serrano v.Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1998, Skolnick, J.) (21 Conn.L.Rptr. 689). "`Transaction' is a word of flexible meaning . . . The `transaction test' is one of practicality and the trial court should consider the interests of judicial economy in applying the test." (Citation omitted.) Frank v. Iacovino, Superior Court, judicial district of Danbury, Docket No. 322458 (March 6, 1996, Moraghan, J.). Also, this court notes that the purpose of joinder is to "enable parties to settle all their controversies in a single action." Veits v. Hartford,134 Conn. 428, 436, 58 A.2d 389 (1948). Accordingly, this court finds this cause of action properly joined. Therefore, the defendants' motion to strike count six is denied.
This court retains jurisdiction over any motions addressed to any revised or substituted complaint which the plaintiff may file.
BY THE COURT
Shortall, J.